UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>KENNETH T. CUCCINELLI, in his official capacity as Senor Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services; and U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>    Defendants. | Civil Action No.: 1:20-cv-10328 |

**MEMORANUDM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE
TO PROCEED BY PSEUDONYM**

  Plaintiff John Doe respectfully requests leave of this Court to proceed anonymously by utilizing a pseudonym and files this memorandum in support of his motion.

  As set forth in the Complaint, Mr. Doe resides in Massachusetts and applied to adjust his immigration status to lawful permanent resident. Mr. Doe's application was denied after Defendant U.S. Citizenship and Immigration Services ("USCIS") violated his rights, including by relying on nonexistant criminal convictions, by attributing to him another person's criminal history, and refusing to consider evidence submitted to rebut a false allegation that Plaintiff was gang-affiliated. Mr. Doe is asking the Court to rule that USCIS must reopen his application and give him a fair adjudication.

  Because Mr. Doe's immigration status is currently in question, and because his claims involve allegations that USCIS mishandled his application, he is vulnerable to retaliation. In

1

particular, the government might attempt to punish Mr. Doe by referring Mr. Doe to U.S. Immigration and Customs Enforcement ("ICE") for arrest and the initiation of proceedings to remove him from his home and family in the United States. Additionally, this litigation involves false claims by USCIS that Mr. Doe committed crimes and is a gang member. Public disclosure of these false allegations, including his supposed "gang member" status, could unjustly harm his reputation and make him a target for harassment or violence from actual gang members who may reside in or near in his community.

Accordingly, as further described below, Mr. Doe respectfully requests to proceed under the pseudonym "John Doe." Mr. Doe further proposes that his identity will be disclosed to the Defendants so that they may respond to the claims, but only pursuant to a negotiated protective order requiring the Defendants to keep the information confidential, limit its internal distribution, and to use it solely for purposes of this litigation. To the extent the Court may require identifying information now, Mr. Doe could provide it in a sealed, *ex parte* filing.

## ARGUMENT

Federal courts permit plaintiffs to proceed anonymously when they have "a substantial privacy right which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings." *Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 420 (D. Mass. 1995). Courts have determined the need for anonymity by evaluating (1) "the severity of the threatened harm," (2) "the reasonableness of the anonymous party's fears," and (3) "the anonymous party's vulnerability to such retaliation." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980). A plaintiff's interest in anonymity is balanced against the public's interest in disclosure and any prejudice to

the defendant. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008); *see also Advanced Textile Corp.*, 214 F.3d at 1068; *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

Here, the Court should permit Mr. Doe to proceed by pseudonym. The disclosure of Mr. Doe's identity could result in severe retaliatory harm, including his arrest by ICE and an attempt to deport him from his home and family, including a sibling with special needs for whom Mr. Doe provides care. Multiple courts have allowed plaintiffs to proceed anonymously to avoid such consequences. *See Advanced Textile Corp.*, 214 F.3d at 1071 (reversing denial of plaintiff garment workers' motion to proceed anonymously in a Fair Labor Standards Act case because the district court failed to consider the severity of the threatened injury, namely that plaintiffs would be fired and deported).[1]

Courts have similarly recognized that a plaintiff may proceed anonymously where there is potential for physical harm resulting from disclosure—here, the possibility that disclosure of false allegations that Mr. Doe is a gang member would cause actual gang members in or near his community to target him for violence.. *See Int'l Refugee Assistance Project*, Civil Action No. TDC-17-0361, 2017 U.S. Dist. LEXIS 29058, at *8 (D. Md. Mar. 1, 2017) (granting motion to proceed anonymously where plaintiffs feared disclosing their involvement in challenging "travel ban" executive order would endanger themselves or family members who remained abroad); *Doe v. Dordoni*, No. 1:16-CV-00074-JHM, 2016 U.S. Dist. LEXIS 115475, at *8 (W.D. Ky. Aug. 29,

---

[1] *See also Lozano v. City of Hazleton*, 496 F. Supp. 2d 477, 515 (M.D. Pa. 2007) (permitting certain plaintiffs with uncertain immigration status to challenge constitutionality of local ordinance anonymously); *Keller v. City of Fremont*, No. 8:10-cv-0270-LSC-FG3, 2011 U.S. Dist. LEXIS 2733, at *8 (D. Neb. Jan. 5, 2011) (granting motion to proceed anonymously where plaintiffs with uncertain immigration status challenged city ordinance); *Plaintiffs #1-21 v. Cty. of Suffolk*, 138 F. Supp. 3d 264, 277 (E.D.N.Y. 2015) (granting motion to proceed anonymously in suit challenging discriminatory policing policies where plaintiffs feared retaliatory arrest and

3

2016) (granting leave to use pseudonym where case involved immigrant plaintiff's conversion from Islam to Christianity and he feared serious injury or death as a result). Additionally, disclosure of false allegations that Mr. Doe is a gang member and criminal will harm his reputation and stigmatize him in the community. Plaintiff's identification thus poses the exact risks of "retaliatory physical or mental harm" courts have held justify anonymity. *Plaintiffs #1-21*, 138 F. Supp. at 271 (quoting *Sealed Plaintiff*, 537 F.3d at 190).

There is no prejudice to Defendants if Mr. Doe proceeds by pseudonym. Mr. Doe will disclose his identity to Defendants pursuant to an appropriate protective order. This approach provides a reasonable and viable alternative to public disclosure. *See Sealed Plaintiff*, 537 F.3d at 190 (considering "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff"); *Advanced Textile Corp.*, 214 F.3d at 1068 (considering "whether proceedings may be structured so as to mitigate that prejudice [to defendants]"). In like circumstances, courts have held that there is minimal, if any, prejudice to defendants, who themselves will have access to the plaintiff's identity. *See, e.g.*, *Plaintiffs #1-21*, 138 F. Supp. 3d at 277; *Doe v. Hobson*, 300 F.R.D. at 578 (granting motion for leave to proceed under pseudonyms such that "Plaintiffs may withhold their true identities from the public and proceed as Jane Doe #1, etc." but denying to the extent plaintiffs sought to withhold their identities from defendants). For example, in *Plaintiffs #1-21*, the district court found that, although the defendants would be "clearly prejudiced" without disclosure of plaintiffs' identities, the plaintiffs' proposed protective order "limit[ing] disclosure of their identities to the Defendants' counsel and to persons essential to the litigation," sufficiently minimized that prejudice. 138 F. Supp. 3d at 277. Here, Mr. Doe will propose and work with Defendants to draft a protective

---

deportation); *Doe v. Hobson*, 300 F.R.D. 576, 578 (M.D. Ala. 2014) (permitting plaintiff undocumented aliens to withhold their identities from the public in asserting due process claims).

order that will allow Defendants to effectively address these claims, without disclosure of Mr. Doe's identity to the public or other government entities.

Further, the fact that defendants are government agencies or officials also weighs in favor of anonymity. Courts are more likely to grant anonymity "when [plaintiffs] are pursuing a claim against the government rather than a private individual." *Doe v. Smith*, No. 18-12266-PBS, 2018 U.S. Dist. LEXIS 188585, at *3 (D. Mass. Nov. 5, 2018) (granting motion to proceed with habeas petition under pseudonym where plaintiff expressed a legitimate fear of physical harm); *see also James*, 6 F.3d at 238 (considering "whether the action is against a governmental or private party"); *Sealed Plaintiff*, 537 F.3d at 190 (considering "whether the suit is challenging the actions of the government or that of private parties"); *Int'l Refugee Assistance Project*, 2017 U.S. Dist. LEXIS 29058, at *8 ("[T]he fact that this case has been brought against the federal government, rather than private parties, supports permitting the Doe Plaintiffs to proceed anonymously."). The rationale for the distinction is that "although the mere filing of a lawsuit against a private party may cause the defendant reputational and economic harm […] the government is not vulnerable to similar reputational harm, particularly in a case involving a challenge to the constitutional, statutory, or regulatory validity of government activity." *Int'l Refugee Assistance Project*, 2017 U.S. Dist. LEXIS 29058, at *9.

Lastly, the public interest would best be served if Mr. Doe is allowed to challenge unlawful government conduct and vindicate constitutional and statutory claims against the government without fear of retaliation. Courts have recognized that "inquiries into the immigration status can have an *in terrorem*, effect, limiting the willingness of plaintiffs to pursue their rights out of fears of the consequences of an exposure of their position." *Lozano*, 496 F. Supp. 2d at 513-514; *see also Doe v. Hobson*, 300 F.R.D. 576, 577 (M.D. Ala. 2014) (granting leave for plaintiffs to withhold their identities from the public where plaintiffs contended "if they

[were] not allowed to proceed under pseudonyms, it would be extremely difficult for their claims to be prosecuted and unlikely that they or the class of affected individuals that they [sought] to represent [would] be able to vindicate their rights in light of the risks associated with being identified as unlawfully present aliens.") (internal quotations omitted).  Thus, anonymity may be particularly appropriate in cases challenging the constitutionality of government activity because "there is both arguably a public interest in a vindication of rights and a risk of stigmatization of the plaintiff, who often represents a minority interest." *Int'l Refugee Assistance Project*, 2017 U.S. Dist. LEXIS 29058, at *9 (internal quotations omitted).  Allowing Mr. Doe to proceed by pseudonym would therefore advance the public interest in promoting accountability for alleged government misconduct.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court grant his Motion for Leave to Proceed By Pseudonym.

Respectfully submitted,

John Doe

By his attorneys,

/s/ Caroline Donovan
Caroline Donovan (BBO# 683274)
FOLEY HOAG LLP
15 Seaport Boulevard
Boston, MA 02210
Tel.: (617) 832-1000
E-mail: cdonovan@foleyhoag.com

Matthew R. Segal (BBO# 654489)
Daniel L. McFadden (BBO# 676612)
Adriana Lafaille (BBO# 680210)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF MASSACHUSETTS, INC.
211 Congress Street
Boston, MA 02110

Tel: (617) 482-3170
E-mail: msegal@aclum.org
dmcfadden@aclum.org
alafaille@aclum.org

Susan B. Church (BBO# 639306)
DEMISSIE & CHURCH
929 Massachusetts Ave., Suite 01
Cambridge, MA 02139
Tel: (617) 319-2399
E-mail: sbc@demissiechurch.com

Dated: February 20, 2020